## TRAYNHAM *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 16, October Term, 1956.]

*Decided October 9, 1956.*

Before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application by Howard Traynham for leave to appeal from the denial of a writ of *habeas corpus.* He pleaded not guilty by reason of insanity to a charge of arson and was convicted and sentenced by the Criminal Court of Baltimore City to twenty years on each of two counts to run concurrently.

Petitioner contends that he was denied a fair and impartial trial because the attorney appointed for him had him sign a paper without explaining the contents thereof and the attorney later wrote to petitioner at the Maryland Penitentiary and stated that he was not taking an appeal "which would have to be taken within ten days after your conviction". Pe-

titioner did not know the meaning of an appeal. Petitioner further alleges that at the trial below his attorney did not say a word in his defense. The attorney did not note an appeal, file a motion to quash the indictment, or make a motion in arrest of judgment. Petitioner does not allege fraud, bad faith, or collusion on the part of his attorney with any State officer, nor does he allege that he complained to the trial judge concerning the attorney appointed to defend him by the court. *Sykes v. Warden*, 201 Md. 662, 93 A. 2d 549; *Roberts v. Warden*, 206 Md. 246, 111 A. 2d 597.

Petitioner further contends that a confession was obtained from him by illegal means and that he was "framed" for arson. The question of whether a statement or a confession was obtained by illegal means can be raised on appeal but not on *habeas corpus*. *Randall v. Warden*, 208 Md. 667, 119 A. 2d 712; *Davis v. Warden*, 208 Md. 675, 119 A. 2d 365.

Petitioner further claims that there was not sufficient evidence to convict him and that he should have been found not guilty of arson by reason of insanity and given treatment for his mental condition. The sufficiency of the evidence and the weight given it cannot be raised on *habeas corpus*. *Georgevich v. Warden*, 207 Md. 632, 114 A. 2d 891; *Davis v. Warden, supra*.

*Application denied, with costs.*